23-749-cv
*Hurckes v. JPMorgan Chase Bank, N.A.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of April, two thousand twenty-four.

PRESENT:     PIERRE N. LEVAL,
             SARAH A. L. MERRIAM,
             MARIA ARAÚJO KAHN,
                  *Circuit Judges*.

_____

MICHAEL HURCKES,

    *Plaintiff-Appellant*,

      v.                                                                No. 23-749-cv

JPMORGAN CHASE BANK, N.A.,

    *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:      Michael Hurckes, New York, NY.


FOR DEFENDANT-APPELLEE:      Christopher B. Turcotte, Turcotte Law, P.C., New York, NY.

Appeal from the March 28, 2023, final judgment of the United States District Court for the Southern District of New York (Furman, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Michael Hurckes, an attorney proceeding pro se, appeals from the District Court's grant of a motion to dismiss filed by defendant-appellee JPMorgan Chase Bank, N.A. ("Chase"). See Hurckes v. JPMorgan Chase Bank, N.A., No. 1:22CV04616(JMF), 2023 WL 2664080 (S.D.N.Y. Mar. 28, 2023). We assume the parties' familiarity with the underlying facts and procedural history of the case, to which we refer only as necessary to explain our decision.

Hurckes filed his original complaint in state court, and the matter was removed to the District Court by Chase. On June 24, 2022, Chase filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; in response, Hurckes filed a First Amended Complaint ("FAC") on August 4, 2022. The FAC alleges that Hurckes "has an open-end credit card account with" Chase, App'x at 43, and that three charges were erroneously billed to this account relating to a single transaction. In February 2022, Hurckes notified Chase of the erroneous charges, opening two separate "claims," which the FAC refers to as "Claim 1," disputing the first two charges, and

2

"Claim 2," disputing the third. Id. at 43-44. "Claim 1 was granted in Plaintiff's favor," id. at 44, but "Defendant denied Claim 2," id. at 45. The FAC asserts state and federal law claims against Chase based on the allegedly erroneous charge underlying Claim 2.

Chase moved to dismiss the FAC in its entirety; the District Court granted the motion to dismiss the federal claims, declined to exercise supplemental jurisdiction over the state law claims, and "decline[d] to grant Hurckes leave sua sponte to amend his federal claims." Hurckes, 2023 WL 2664080, at *3. This appeal followed. Only one claim is at issue on appeal: an alleged violation of the Fair Credit Billing Act ("FCBA"), 15 U.S.C. §1666, et seq.[1]

"We review the dismissal of a complaint de novo, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff." Caro v. Weintraub, 618 F.3d 94, 97 (2d Cir. 2010). "We need not, however, accept bare legal conclusions included in a plaintiff's complaint." Shara v. Maine-Endwell Cent. Sch. Dist., 46 F.4th 77, 82 (2d Cir. 2022).[2]

The FCBA imposes requirements on creditors "for the correction of billing errors." Am. Express Co. v. Koerner, 452 U.S. 233, 234 (1981). Under §1666, if a credit card

---

[1] Hurckes withdrew his claim under the Federal Trade Commission Act in his response to Chase's motion to dismiss, and he does not appeal the dismissal of his state law claims for breach of contract and breach of the covenant of good faith and fair dealing.

[2] We ordinarily review submissions by self-represented parties generously, but Hurckes "is not a typical pro se litigant; he is an attorney, and this Court does not give special solicitude to pro se litigants who are themselves attorneys. A lawyer representing himself ordinarily receives no special solicitude at all." Chevron Corp. v. Donziger, 990 F.3d 191, 203 (2d Cir. 2021) (citation and quotation marks omitted).

holder or obligor, like Hurckes, notifies a creditor, like Chase, of a billing error, the creditor is required "to satisfy certain requirements 'prior to taking any action to collect'" the contested amount. Strubel v. Comenity Bank, 842 F.3d 181, 191 n.11 (2d Cir. 2016) (quoting 15 U.S.C. §1666(a)(B)). As relevant here, the creditor must either "make appropriate corrections in the account of the obligor . . . and transmit to the obligor a notification of such corrections," 15 U.S.C. §1666(a)(B)(i), or "send a written explanation or clarification to the obligor, after having conducted an investigation, setting forth to the extent applicable the reasons why the creditor believes the account of the obligor was correctly shown in the statement," 15 U.S.C. §1666(a)(B)(ii); see also Strubel, 842 F.3d at 192 n.13.

Thus, to state a viable claim for violation of the FCBA, the FAC must allege that Hurckes timely notified Chase of a billing error, and that Chase failed to comply with the procedures required by §1666(a)(B). See, e.g., Beaumont v. Citibank (S. Dakota) N.A., No. 1:01CV03393(DLC), 2002 WL 483431, at *3 (S.D.N.Y. Mar. 28, 2002); Rigby v. FIA Card Servs., N.A., 490 F. App'x 230, 235 (11th Cir. 2012) (citing Beaumont). Even assuming that the FAC adequately alleges that Hurckes timely complained of a billing error, it does not adequately allege that Chase failed to meet the requirements of §1666(a)(B). The focus of the FAC is not on the processes followed, but on the outcome of Claim 2, with which Hurckes disagrees. The only allegation in the FAC arguably attacking the processes followed is the purely conclusory claim that Chase "never investigated Claim 2." App'x at 44-45. Yet, on appeal, Hurckes expressly disavows this claim, asserting that he does "not dispute that Chase conducted an investigation of his

4

claim and resolved his claim within the statutory deadline" but disputes only "the adequacy of that investigation." Appellant's Br. at 12. But the FAC did not – and indeed could not – dispute the "adequacy" of an investigation that it asserts "never" occurred. Id.; App'x at 44-45.[3] The FAC therefore fails to state a claim for violation of the FCBA.

To the extent Hurckes argues that it was error for the District Court to deny further leave to amend his federal claims (which leave he did not request in the District Court), we disagree. As the District Court explained, "Hurckes was previously granted leave to amend to cure the deficiencies raised in Chase's initial motion to dismiss," and at that time he "was explicitly cautioned that he would not be given any further opportunity to amend the complaint to address" those issues. Hurckes, 2023 WL 2664080, at *3 (citation and quotation marks omitted); see also Hu v. City of New York, 927 F.3d 81, 107 (2d Cir. 2019) ("Because the plaintiffs in this case never requested leave to amend their Amended Complaint, the District Court did not err in declining to sua sponte grant leave to amend."). Further, we agree with the District Court that the problem with Hurckes' claims "cannot be cured through amendment." Hurckes, 2023 WL 2664080, at *3; see also Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it.").

\* \* \*

---

[3] To the extent Hurckes attempts to raise a new argument on appeal regarding the adequacy of the investigation, we decline to consider it. See, e.g., Red Tree Invs., LLC v. Petróleos de Venezuela, S.A., 82 F.4th 161, 174 (2d Cir. 2023).

5

We have reviewed Hurckes' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court